**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**EAGLE PROPERTY GROUP LLC,**

      **Plaintiff,**                        **CIVIL ACTION NO. 18-cv-10824**

      v.                                **DISTRICT JUDGE TERRENCE G. BERG**

**URBAN PARTNERSHIP BANK and**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CAPITAL IMPACT PARTNERS,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Eagle Property Group LLC, represented by non-attorney Robert C. Campbell, initiated this action against Defendants Urban Partnership Bank and Capital Impact Partners on March 13, 2018, alleging violations of the Community Development Banking and Financial Institutions Act of 1994 (CDBFIA), 12 U.S.C. § 4701, *et seq*. Before the Court are Defendants' Motions to Dismiss. (Docket nos. 7, 8.) In response to Defendants' Motions, Plaintiff filed a "Motion to Hold Plaintiff's Complaint in Abeyance Pending the Retainment of Adequate Counsel for Representation or in the Alternative, Dismiss the Complaint Without Prejudice to Allow Plaintiff[] to Retain Adequate Counsel and to Refile the Complaint." (Docket no. 11.) Plaintiff's Motion, to which Defendant Capital Impact Partners responded (docket no. 13), is also pending before the Court. This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 12.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's and Defendants' Motions (docket nos. 7, 8, 11) be **GRANTED IN PART** and that Plaintiff's Complaint be **DISMISSED**, without prejudice.

**II.   REPORT**

Plaintiff's non-attorney representative, Mr. Robert C. Campbell, signed, dated, and filed the Complaint in this matter on March 13, 2018. (Docket no. 1.) In the Complaint, Plaintiff alleges that Mr. Campbell visited Defendants Capital Impact Partners and Urban Partnership Bank on February 20, 2018, "to seek financing in an effort to rehab single family residential properties in distressed neighborhoods in Detroit[,] Michigan[,] with the goal to provide clean affordable housing." (*Id*. at 5.) According to Plaintiff, representatives at Defendant Capital Impact Partners told Mr. Campbell that the company was a commercial lender that was particularly interested in multi-family units and that it did not engage in residential lending. (*Id*.) A representative from Defendant Urban Partnership Bank responded similarly to Mr. Campbell's inquiry, stating that the bank was involved in commercial lending and "would be all for investing in multi-family units," but collateral would be required to secure a loan or line of credit. (*Id*. at 7.) Plaintiff asserts that Defendants "are using 'commercial real estate' as a means to disqualify single family dwellings from their loan portfolio despite the fact that single family dwellings are 70% of Detroit," and, while not explicitly stated, Plaintiff seemingly alleges that this is a violation of the CDBFIA. (*Id*. at 5, 6.) As relief, Plaintiff seeks a court order requiring Defendants to provide Plaintiff with a "$200K loan or line of credit with favorable terms ($100K each) to rehab single family dwellings in Detroit to offer affordable housing mandated by the [CDBFIA] [a]nd any other relief [the court] deems suitable." (*Id*. at 6.)

Defendant Capital Impact Partners moves to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a viable claim for relief. (Docket no. 7.) Specifically, Defendant Capital Impact Partners argues that the CDBFIA does not provide for a private right of action or for any other mechanism through which Plaintiff could obtain the relief that it seeks. (*Id*. at 10-12.) Additionally, Defendant Capital Impact Partners asserts that the fact that Plaintiff is not represented by an attorney is an independent ground for dismissal. (*Id*. at 12-13.)

Defendant Urban Partnership Bank moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 11(a), 41(b), 12(b)(1), and 12(b)(6), and other applicable law, on the following grounds: (1) Plaintiff is not represented by a licensed attorney; (2) Plaintiff does not have standing to pursue a claim under the CDBFIA because the CDBFIA does not provide for a private cause of action; (3) the court lacks subject matter jurisdiction because the CDBFIA does not provide for a private cause of action; and (4) Plaintiff cannot state a claim because the relief it seeks is not within the scope of the CDBFIA and because the CDBFIA does not provide for a private cause of action. (Docket no. 8.)

In response to Defendants' Motions, Plaintiff filed a "Motion to Hold Plaintiff's Complaint in Abeyance Pending the Retainment of Adequate Counsel for Representation or in the Alternative, Dismiss the Complaint Without Prejudice to Allow Plaintiff[] to Retain Adequate Counsel and to Refile the Complaint." (Docket no. 11.) In support of this Motion, Plaintiff acknowledges that ignorance of the law is no excuse but explains that it was initially under the impression that it did not need an attorney when the Complaint was filed. Plaintiff also argues that the Complaint does sufficiently state a claim. Defendant Capital Impact Partners opposes

3

Plaintiff's Motion and requests that the court proceed to review and determine Defendants' pending motions to dismiss. (Docket no. 13.)

It is well settled that artificial entities like limited liability companies must be represented by a licensed attorney in order to proceed in federal court. As the Supreme Court stated in *Rowland v. California Men's Colony, Unit II Men's Advisory Council*:

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. *Osborn v. President of Bank of United States,* 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); see *Turner v. American Bar Assn.,* 407 F.Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order *sub nom. Taylor v. Montgomery,* 539 F.2d 715 (Table) (CA7 1976), and aff'd *sub nom. Pilla v. American Bar Assn.,* 542 F.2d 56 (CA8 1976). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. See, *e.g., Eagle Associates v. Bank of Montreal,* 926 F.2d 1305 (CA2 1991) (partnership); *Taylor v. Knapp,* 871 F.2d 803, 806 (CA9) (nonprofit corporation formed by prison inmates), cert. denied, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 146 (1989); *Jones v. Niagara Frontier Transportation Authority,* 722 F.2d 20, 22 (CA2 1983) (corporation); *Richdel, Inc. v. Sunspool Corp.,* 699 F.2d 1366 (CA Fed.1983) *(per curiam)* (corporation); *Southwest Express Co. v. ICC,* 670 F.2d 53, 55 CA5 1982) *(per curiam)* (corporation); *In re Victor Publishers, Inc.,* 545 F.2d 285, 286 (CA1 1976) *(per curiam)* (corporation); *Strong Delivery Ministry Assn. v. Board of Appeals of Cook County,* 543 F.2d 32, 34 (CA7 1976) *(per curiam)* (corporation); *United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (CA6 1969) *(per curiam)* (corporation); *Simbraw, Inc. v. United States,* 367 F.2d 373, 374 (CA3 1966) *(per curiam)* (corporation).

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993) (footnote omitted). "Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited liability company also may appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (citation omitted). *See*

4

*also Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, at *7 (E.D. Mich. Mar. 13, 2014) (applying rule to limited liability companies); *Barrette Outdoor Living, Inc. v. Michigan Resin Representatives, LLC*, No. 11-13335, 2013 WL 1799858, at *7 (E.D. Mich. Apr. 5, 2013), *report and recommendation adopted sub nom. Barrette Outdoor Living v. Michigan Resin Representatives, LLC*, No. 11-13335, 2013 WL 1800356 (E.D. Mich. Apr. 29, 2013) (same).

Here, Mr. Campbell signed, dated, and filed the Complaint and Plaintiff's instant Motion, but he is not an attorney. He therefore cannot represent and/or sign pleadings on behalf of Plaintiff in this matter. A complaint filed by an unrepresented limited liability company is a nullity which may be stricken and the claims dismissed. *See Moorish Sci. Temple of Am. v. Michigan*, No. 14-cv-12166, 2014 WL 2711945, at *2 (E.D. Mich. June 16, 2014). To date, and despite the time that Plaintiff's Motion to hold its Complaint in abeyance has been pending, counsel has not appeared in this matter on behalf of Plaintiff. Given that Plaintiff cannot proceed in this matter without licensed representation, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice and does not reach the merits of Plaintiff's claims.

For the above-stated reasons, Plaintiff's and Defendants' Motions (docket nos. 7, 8, 11) should be **GRANTED IN PART**, and Plaintiff's Complaint should be **DISMISSED**, without prejudice.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991);

*U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 9, 2018          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: October 9, 2018          s/ Leanne Hosking
                                Case Manager