# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EAGLE PROPERTY GROUP LLC,

    Plaintiff,

v.

URBAN PARTNERSHIP BANK and CAPITAL IMPACT PARTNERS,

    Defendants.

Case No. 18-10824
Hon. Terrence G. Berg

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT (Dkt. 1) WITHOUT PREJUDICE, AND STRIKING OTHER MOTIONS (Dkts. 7, 8, 11) AS MOOT**

This matter is before the Court on Magistrate Mona K. Majzoub's October 9, 2018 Report and Recommendation (Dkt. 19), recommending that Defendants' Motions to Dismiss (Dkts. 7, 8) and Plaintiff's Motion to Hold in Abeyance or Dismiss Without Prejudice (Dkt. 11) be granted in part, and that all claims against them be dismissed without prejudice.

The Court has reviewed the Magistrate Judge's Report and Recommendation. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations.

1

28 U.S.C. § 636(b)(1). As of this date, Plaintiff has not filed any objections, and the time to do so has now expired. Defendant Urban Partnership Bank did not file any objections. Defendant Capital Impact Partners ("CIP") timely filed objections on October 23, 2018. Dkt. 20.

The Court has reviewed Magistrate Judge Grand's Report and Recommendation and Defendant's objections thereto. For the reasons set forth below, Defendant's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Accordingly, Plaintiff's Complaint (Dkt. 1) is **DISMISSED without prejudice** as a nullity for lack of counsel. Defendants' Motions to Dismiss (Dkts. 7,8) and Plaintiff's Motion to Hold in Abeyance (Dkt. 11) are all **STRICKEN as MOOT.**

## BACKGROUND

The relevant facts about the underlying incident in this case were summarized in Magistrate Judge Majzoub's Report and Recommendation, Dkt. 19, PageID.116, and those facts are adopted for purposes of this order. Magistrate Judge Majzoub found that because Plaintiff, a limited liability corporation, was not represented by licensed counsel, the complaint is "a nullity which may be stricken and the claims dismissed." Dkt. 19, PageID.119 citing *Moorish Sci. Temple of Am. v. Michigan*, No. 14- cv-12166, 2014 WL

2711945, at *2 (E.D. Mich. June 16, 2014). Accordingly, Magistrate Judge Majzoub recommends that the complaint be dismissed without prejudice, and does not reach or consider the merits of Plaintiff's complaint. CIP makes two objections to Magistrate Judge Majzoub's Report and Recommendation:

<u>Objection 1: Dismissal Without Prejudice</u>

Plaintiff in this case is a limited liability corporation called Eagle Property Group LLC. Magistrate Majzoub's Report and Recommendation noted that limited liability corporations are required to be represented by a licensed attorney to proceed in federal court. Dkt. 19, PageID.116–19 (collecting cases). Plaintiff is being represented by Mr. Robert C. Campbell, who is not an attorney. On April 9, 2018, Plaintiff moved that his complaint be held in abeyance or dismissed without prejudice so that Plaintiff might retain proper legal counsel. Dkt. 11. Although that motion was never addressed by this Court, no licensed attorney has filed a notice of appearance in this case on behalf of Plaintiff in the eight months that have since elapsed.

CIP objects to the recommendation that the Court dismiss the complaint without prejudice, arguing that because the complaint does not contain any viable cause of action and that "no cause of action … even exists that would permit" the relief requested, the complaint should be dismissed with prejudice. Dkt. 20,

PageID.122–23. CIP seeks to avoid "having to face the same allegations and claims in a refiled lawsuit." Dkt. 20, PageID.123.

<u>Objection 2: Ruling Without Reaching the Merits</u>

CIP's second objection is to the recommendation that the Court not address the merits of the complaint. Dkt. 20, PageID.123. CIP argues that it "should not be prejudiced by the risk of having to face these same allegations and claims in a refiled lawsuit, should Plaintiff later engage counsel and seek to refile the case." *Id.* at PageID.123–24.

## STANDARD OF REVIEW

**A. De novo review**

A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## ANALYSIS

Defendant's objections are both overruled for the same reason: in finding that Plaintiff's complaint is a nullity for lack of appropriate counsel, the Court cannot then also reach the merits of the

claims in the complaint. To consider the merits of a null complaint would obviate the requirement for counsel.

CIP's contention that it should not be exposed to future litigation based on this same complaint is understandable. But, if CIP is correct that Plaintiff not only has no right of action, but is also requesting relief which cannot be granted, then it is unlikely that any licensed attorney would agree to file what would amount to a frivolous complaint. CIP's concern may well prove to be unfounded, or alternatively Plaintiff upon the advice of competent counsel may fashion a complaint that alleges a proper cause of action and requests an appropriate form of relief.

## **CONCLUSION**

For the reasons set forth above, Defendant's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Accordingly, Plaintiff's Complaint (Dkt. 1) is **DISMISSED without prejudice** as a nullity. Defendants' Motions to Dismiss (Dkts. 7,8) and Plaintiff's Motion to Hold in Abeyance (Dkt. 11) are all **STRICKEN as MOOT.**

**SO ORDERED.**

Dated: January 15, 2019

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 15, 2019.

s/A. Chubb
Case Manager